UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GLENN JONES,                                            **REPORT AND RECOMMENDATION**

                                 Plaintiff,             08-CV-00517-RJA-JJM

                    v.

VILLAGE OF BATH POLICE DEPARTMENT,
SERGEANT ANDREW DUBOIS, and
CHIEF OF POLICE DAVID K. ROUSE,

                    Defendants.
_____

## INTRODUCTION

Defendants have moved for summary judgment [32].[1]  This motion, being

dispositive, has been referred to me by Hon. Richard J. Arcara for report and recommendation

[7].  For the following reasons, I recommend that defendants' motion be granted.

## BACKGROUND

Plaintiff, proceeding *pro se*, seeks monetary damages and other relief pursuant to

42 U.S.C. §1983 by claiming that the Village of Bath Police Department ("VBPD"), its Chief of

Police, David Rouse, and one of its officers, Sergeant Andrew Dubois (collectively "individual

defendants"), violated his constitutional rights.  Plaintiff's claims, which are somewhat difficult

to discern, allege the following:

_____

[1]        Bracketed references are to the CM/ECF docket entries.

First Claim:  "I was followed 6.5 mile beyond Bath Village City
limits by Bath Police Dept Stop and held.  I 94.° F with no shade
for 30-45 min to search my vehicle for marijuana/ I was to be given
a traffic ticket 10 mins of the shuttle bus from Buffalo V.A. Village
of Bath Police Dept consist of maybe 6-7 officers which introduced
themselves to me within the first 3 months had left the V.A. Bath
Medical Unit and moved to Hammondsport 8 miles from Bath- at
local McDonalds- carwash - the gas stations - at one time accused
of robbery took me away from my medical treatment/ did not file
charges".  Complaint [1].

As a result of this conduct, which allegedly occurred on June 5, 2008, plaintiff alleges "violations

of [his] Civil Rights".  <u>Id</u>.[2]

Second Claim:  "Chief . . . Rouse did a felony stop . . .  did not
present himself or ask me for identification/pulled me out stated
they been waiting for me - call my name without asking for ID -
arrested me had the Drug Enforcement Unit contact Rochester
DEA-ATF unit to run background on my history they asked since I
live inner City Rochester -  If I were to help catch drug dealers/
then I would be release of charges".  <u>Id</u>.

As a result of this conduct, plaintiff alleges "racial profiling".  <u>Id</u>.

Third Claim:   "[O]f the deposition scheduled by Bath P.D. - Sgt.
A. DuBois- Chief of Police D.K. Rouse - did knowingly submit a
witness statement that was crafted to strengthen the defendant's
position (false witness) - as well as place the charges originally of
2006 in front of the traffic court in June of 2009 (3 years)."
Supplemental Complaint [16].

---

[2]     Plaintiff also alleges unspecified violations of the Americans with Disabilities Act, but
these claims were previously dismissed by Judge Siragusa in a September 19, 2008 Decision and Order
[3].

## ANALYSIS

**A.       Summary Judgment Standard**

           The standard to be applied on a motion for summary judgment in this Circuit is well settled.  "Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.  In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant.  Summary judgment is improper if there is any evidence in the record that could reasonably support the jury's verdict for the non-moving party."  Ford v. Reynolds, 316 F. 3d 351, 354 (2d Cir. 2003).

           Plaintiff was served with a Notice To *Pro Se* Litigant, required by Local Rule 56(b), which notified him that "[i]n the absence of [a statement of disputed facts] by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted." [32-1], p. 2.  Nonetheless, plaintiff has failed to submit a statement of disputed facts in response to defendants' statement of undisputed facts. [32-4].  Although this failure "does not relieve the party seeking summary judgment of the burden of establishing that it is entitled to judgment as a matter of law", Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 (2d Cir. 2001), I must accept defendants' statement of undisputed material facts as true, where supported by admissible evidence.  *See* Local Rule 56(a)(2)("Each numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is

specifically controverted by a correspondingly numbered paragraph in the [required] opposing

statement"); Fed. R. Civ. P. ("Rule") 56(e)("If a party fails to properly support an assertion of

fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the

court may . . .  consider the fact undisputed for purposes of the motion").

       The Notice to *Pro Se* Litigant also advised plaintiff that "[a]ny issue of fact that

plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by

affidavits or by other documentary evidence contradicting the facts accused by defendant." [32-

1], p. 2.  Despite this notice, plaintiff failed to submit any evidence in support of his claims

whatsoever.[3]


**B.**      **Defendants' Motion for Summary Judgment**

       Defendants argue that they are entitled to summary judgment because: (1) the

VBPD is not a jural entity subject to suit; (2) even if the VBPD is subject to suit, it cannot be

held liable on a respondeat superior theory; and (3) the individual defendants are entitled to

qualified immunity.  Defendants' Memorandum of Law [32-2], p. 3.


     **1.**      **The VBPD**

       Defendants argue that the VBPD is "not a jural entity subject to suit" under

§1983. Defendants' Memorandum of Law [32-3], p. 3.  I agree with defendants.


---

    [3]    Plaintiff's response to defendants' motion for summary judgment [34] appears to end
mid-sentence.  However, no other documents were received from plaintiff.

"It is well settled that, under New York law, 'departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued.'" Pierce v. Chautauqua County, 2007 WL 2902954, *3 (W.D.N.Y. 2007)(Curtin, J.); Latona v. Chautauqua County Jail, 2004 WL 2457797, *3 (W.D.N.Y. 2004)(Scott, M.J.).  Such entities include police departments.  *See* Willard v. Town of Hamburg, 1996 WL 607100, *1 (W.D.N.Y. 1996) (Elfvin, J.)(dismissing the claims against the Police Department and the Town Board because neither "exist separate and apart from the Town and do not have their own legal identities").  Therefore, I recommend that all claims against the VBPD be dismissed.

Even assuming that the VBPD was a proper defendant in this case, defendants argue that the VBPD cannot be subjected to suit on a respondeat superior theory under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978).  Defendants' Memorandum of Law [32-2], p. 3.  I agree with defendants.

In order to assert a §1983 claim against a municipal entity, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."  Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983).  Plaintiff's Complaint and Supplemental Complaint, even when construed liberally, fail to allege an "official policy or custom" that caused him to be subject to denial of a constitutional right.  *See* Batista, 702 F.2d at 397.  Likewise, he has failed to offer any evidence of a policy or custom.  Therefore, I would alternatively  recommend dismissing all claims against the VBPD on this ground.

2.      **Individual Defendants**

The individual defendants seek dismissal on qualified immunity grounds.

"[G]overnment officials performing discretionary functions generally are shielded from liability

for civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald,

457 U.S. 800, 818 (1982).  Recently, the Supreme Court held that a §1983 claim may be

dismissed on qualified immunity grounds if either the conduct alleged did not deprive plaintiff of

a constitutional right at all, or that the right allegedly violated was not "clearly established" at the

time.  Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 818 (2009).  In support of their

entitlement to qualified immunity, defendants argue that plaintiff  "cannot establish the

deprivation of a federal right since the deprivation does not exist."  Defendants' Memorandum of

Law  [32-2], pp. 3, 8.


a.      **First Claim**

This claim appears to stem from an incident that occurred on June 5, 2008, when

plaintiff alleges he was pulled over, placed under "felony arrest" and his car was searched for 30-

45 minutes for marijuana while plaintiff waited without shade in 94 degree heat.  Id.  However,

these allegations have not been substantiated by any evidence offered by the plaintiff and are

sharply contradicted by the evidence submitted by defendants, including the sworn affidavits of

the individual defendants and witnesses Connie Frankel and Kimberly Bills.  Defendants'

Appendix [32-5], Exs. F-G, L-M.

According to defendants' version of events, which is unrebutted by plaintiff, defendant  Rouse was driving his private vehicle on June 5, 2008, when he saw plaintiff acting erratically in his car at a stop light.   Defendants' Appendix [32-5], Ex. F, ¶ 15.  Subsequently, defendant Rouse observed plaintiff pass another vehicle on the right at a stop light in violation of New York State traffic laws.  Id. ¶16.  Defendant Rouse's testimony regarding plaintiff's erratic driving and alleged traffic violation is supported by the affidavits of witnesses Frankel and Bills. Defendants' appendix [32-5], Exs. L, M.  Despite these violations, defendant Rouse elected not to pull plaintiff over immediately because of the rush hour traffic, but instead followed plaintiff for several miles before pulling him over.  Defendants' Appendix [32-5], Ex. F,  ¶17.  Defendant Rouse then radioed defendant Dubois, who arrived at the scene and issued plaintiff a traffic citation (NY Vehicle and Traffic Law §1122- for failing to pass on the left) because defendant Rouse did not have the necessary forms with him at the time.  Id. ¶¶18-20.  Defendant Dubois alleges that his involvement was limited to issuing the traffic citations, and that he did not advise plaintiff that he was searching his vehicle for marijuana. Defendants' Appendix [32-5], Ex. G, ¶11. Significantly, after filing this Complaint, plaintiff pled guilty to the charged violation. Defendants' Appendix [32-5], Ex. H.

To the extent  the first claim can be construed as encompassing  conduct  other than that the incident of  June 5, 2008, these allegations are rebutted by the affidavits of the individual defendants (defendants' appendix [32-5], Exs. F, G) and plaintiff has failed to submit evidence raising a triable issue of fact.

-7-

**b.     Second Claim**

At his deposition, plaintiff acknowledged that the sole basis for his racial

profiling claim was the supporting  deposition of  Connie Frankel, a witness to the events of

June 5, 2008, describing  plaintiff's hairstyle as "corn rows." Defendants' Appendix [32-5], Ex.

E, pp. 100, 151; Ex. L. Because this conduct was by a private actor, it is not actionable under

Section 1983.  *See* <u>Peterec-Tolino v. New York</u>, 364 Fed.Appx. 708, 711 (2d Cir. 2010)("§ 1983

claims . . . were properly dismissed because these defendants are private actors who cannot be

sued under  §1983").

Moreover, the alleged description of plaintiff's hairstyle would not give rise to a

racial profiling claim in any event.

**c.     Third Claim**

Plaintiff appears to allege that defendants submitted false witness statements.

However,  the witness statements appear to be  those of Connie Frankel and Kimbery Bills, who

both witnessed the events of June 5, 2008.  Defendants' Appendix [32-5], Exs. L, M.  Again,

because these are private actors this conduct is not actionable.

Even assuming that plaintiff's claim is that the individual defendants conspired

with these witnesses to give false statements, it would fail.  Plaintiff provides no evidentiary

submissions to support this claim, but instead simply states that there are "inconsist[e]ncies in

the statements of the witnesses" in  opposition to defendants' motion for summary judgment.

Plaintiff's Response [34].  This is insufficient to rebut defendant Rouse's affidavit that the

witnesses came forward voluntarily and provided the statements without direction from anyone at the VBPD.  Defendants' Appendix [32-5], Ex. F, ¶23.

Because "the complaint . . . is unverified, it cannot be relied on as evidence in opposing a summary judgment motion." Bartley v. Collins, 2006 WL 1289256, 7 (S.D.N.Y. 2006).  "If the mere allegation [of government agents intentionally soliciting false testimony] is sufficient to create a material issue of fact as to whether something improper took place . . . virtually every witness for the government could face the burden of defending a costly civil suit charging 'conspiracy' to give false testimony." San Filippo v. U.S. Trust Co. of New York, Inc., 737 F.2d 246, 256 (2d Cir. 1984), cert. denied, 470 U.S. 1035 (1985).

Therefore, in light of the fact that plaintiff has failed to produce any evidence suggesting that the individual defendants violated his constitutional rights, I conclude  that the individual defendants are entitled to qualified immunity and recommend that plaintiff's claims against them in their individual capacities be  dismissed.

The Complaint and Supplemental Complaint do not indicate whether the individual defendants are also sued in their official capacities.  However,  "in light of his *pro se* status, [I] find that Plaintiff has brought this matter against the Defendants in both their official and individual capacities." Brickey v. Superintendent, Franklin Correctional Facility,  2011 WL 868148, *5 (N.D.N.Y. 2011), report and recommendation adopted by, 2011 WL 868087.  While defendants rely on the qualified immunity defense to dismiss *all* claims against the individual defendants, "an official sued in his official capacity may not take advantage of a qualified immunity defense".  Mitchell v. Forsyth, 472 U.S. 511, 556 n.10 (1985).

Nevertheless, to the extent plaintiff is asserting claims against the individual defendants in their official capacities, I recommend that these claims be dismissed as well.  A claim against a government officer in his or her official capacity under §1983 is tantamount to a claim against the municipality itself, thus "the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom". <u>Patterson v. County of Oneida, New York</u>, 375 F.3d 206, 226 (2d Cir. 2004). As discussed above, plaintiff having failed to allege (or establish) that the individual defendants' conduct was undertaken pursuant to a municipal policy or custom, any official capacity claims against them fail.

I recognize that this argument was not raised by defendants as a basis to dismiss plaintiff's official capacity claims.  "However, notwithstanding that omission, under 28 U.S.C. §1915(e)(2)(B)(ii), this Court has the power  to review Plaintiff's Complaint for failure to state a claim at any time." <u>Ochoa v. DeSimone</u>,  2008 WL 4517806, *4 (N.D.N.Y. 2008).  Therefore, I recommend that any official capacity claims against the individual defendants be dismissed

## CONCLUSION

For these reasons, I recommend that defendants' motion for summary judgment [32] be granted. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by October 3, 2011 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of the Local Rules of Civil Procedure for the Western District of New York, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

DATED:          September 15, 2011


                                        /s/ Jeremiah J. McCarthy
                                        JEREMIAH J. MCCARTHY
                                        United States Magistrate Judge